# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER, | Case No.  1:17-cv-00597-DAD-JLT (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(Doc. 1)** |
| KOKOR, et al., | **21-DAY DEADLINE** |
| Defendant. | |

Plaintiff seeks to proceed on claims under the Eighth Amendment for deliberate indifference to his serious medical needs against Dr. Kokor and Nurse Powell for failing to timely renew/refill various of his medications.  Plaintiff has not stated any cognizable claims, but may be able to do so.  Thus, the Court grants him leave to file a first amended complaint.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

///

**B.** **Pleading Requirements**

    **1.** **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as

possible.  He should simply state which of his constitutional rights he feels were violated by each

Defendant and its factual basis.  Where the allegations against two or more Defendants are

factually intertwined, Plaintiff need not repeat the factual allegations separately against each

Defendant.  Rather, Plaintiff should present his factual allegations and identify the Defendants he

feels are thereby implicated.  Plaintiff need not cite legal authority for his claims in a second

amended complaint as his factual allegations are accepted as true.  The amended complaint

should be clearly legible (*see* Local Rule 130(b)), and double-spaced pursuant to Local Rule

130(c).

### 2.      Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link

between the actions of the defendants and the deprivation alleged to have been suffered by

Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423

U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation

of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

participates in another's affirmative acts or omits to perform an act which he is legally required to

do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743

(9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each

named defendant with some affirmative act or omission that demonstrates a violation of

Plaintiff's federal rights.

Plaintiff must clearly identify which Defendant(s) he feels are responsible for each

violation of his constitutional rights and their factual basis as his Complaint must put each

Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d

1167, 1171 (9th Cir. 2004).

### C.      Plaintiff's Claim

### 1.      Eighth Amendment -- Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

prisoner's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need

is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton

infliction of pain.""" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's cornea transplant, hypertension, and diabetes are accepted as serious medical needs.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

4

Deliberate indifference is a high legal standard.  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' "  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 2.     Plaintiff's Allegations

Plaintiff alleges that Dr. Kokor has been his primary care physician for approximately four years.  On April 6, 2016, Plaintiff had a cornea transplant and cataract surgery performed by ophthalmologist surgeon Dr. Rasheed.  Afterwards, Dr. Rasheed prescribed ciprofloxacin and prednisolone so that Plaintiff's body would not reject the cornea transplant.  Approximately a month after the surgery, Dr. Kokor informed Plaintiff that he would require those medications for the rest of his life.  On July 1, 2016, Plaintiff submitted a slip requesting a ciprofloxacin refill, which was denied by the CSATF pharmacy on July 8, 2016, because it did not have a refill order.  On July 12, 2016, Plaintiff was interviewed on the matter by RN Powell who escorted Plaintiff to Dr. Kokor, but Dr. Kokor refused to refill Plaintiff's ciprofloxacin and prednisolone.  On July 27, 2016, non-defendant FNP Merritt consulted with Dr. Rasheed and ciprofloxacin and prednisolone were reordered for Plaintiff.

On August 8, 2016, Plaintiff submitted a refill request for Lisinopril for his hypertension , and on August 29, 2016, Plaintiff submitted a refill request for Metformin for his diabetes, but both were not filled until mid-October.  Plaintiff requests refills of his medications on CDC-7362 forms.  However, Nurse Powell repeatedly writes on Plaintiff's 7362s that he should use a white Corcoran Pharmacy slip instead.  Though both forms are approved for requesting medication refills, Plaintiff prefers to use 7362s as they provide proof that he submitted a refill request, whereas the white slips do not.

Plaintiff's allegations are not cognizable.  It appears that Plaintiff feels Dr. Kokor and Nurse Powell interfered with Dr. Rasheed's post-surgical prescriptions -- which *could* be

cognizable.  *See Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) (concluding that reliance on "non-specialized" medical conclusions may constitute deliberate indifference to a plaintiff's medical needs), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc); *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999)  ("[A]llegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference.").  However, though Plaintiff alleges that Dr. Kokor told him that he would need to be on ciprofloxacin and prednisolone for the rest of his life, Plaintiff does not show that his eye surgeon, Dr. Rasheed (who apparently prescribed them for Plaintiff after surgery) initially prescribed them for the rest of Plaintiff's life.  In fact, Plaintiff's allegations acknowledge that he consulted Dr. Rasheed who issued a report in which he reordered them for Plaintiff when they were not refilled.  Plaintiff's allegations do not show that Dr. Kokor or Nurse Powell interfered with medications that Dr. Rasheed prescribed.

Plaintiff's allegations also do not show that Dr. Kokor was aware of any other difficulties that Plaintiff had timely obtaining prescription refills to have been deliberately indifferent to Plaintiff's medical needs.  Plaintiff also fails to show that Nurse Powell was aware that Plaintiff had hypertension and diabetes bad enough to require medications, or that Plaintiff had standing prescriptions for Lisinopril and Metformin and intentionally delayed their refills.  Plaintiff's statement that he has a medical condition does factually support a finding that every medical personnel he interacts with is aware of it, or is aware of medications Plaintiff needs to treat it.  Plaintiff also fails to state allegations to show any harm he sustained as a result of the delay in his receipt of any of the medications noted in his allegations.  Finally, Plaintiff's allegations show that, at most, she was part of a relay between his request for medication refills and a physician who would prescribe the refill.  Plaintiff fails to show that Nurse Powell had the discretion, means, and authority to order a medication be refilled or to reorder medications that had been prescribed by a physician.  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) *citing with approval Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party.  One may be callously indifferent to the fate of prisoners and yet not be liable for

their injuries.  Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.")    Moreover, the fact that plaintiff prefers to use a particular form but prison officials prefer that he use a different one, does not describe a constitutional deprivation.  Thus, Plaintiff's allegations do not state a cognizable claim against Dr. Kokor or Nurse Powell.

### D. Conclusion

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint **within 21 days**.  If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **21 days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading,"  Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and

3. **Within 21 days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated:   __July 24, 2017__                    _____/s/ Jennifer L. Thurston_
                                            UNITED STATES MAGISTRATE JUDGE

8