# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>    v.<br><br>KOKOR, et al.,<br><br>        Defendants. | Case No. **1:17-cv-00597-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 9)**<br><br>**21-DAY DEADLINE** |

Plaintiff seeks to proceed in this action on claims of deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. For the reasons stated herein, the Court finds that Plaintiff fails to state a cognizable claim under the Eighth Amendment for deliberate indifference to his serious medical needs and this action should be **DISMISSED** with prejudice.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed

1

per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual

allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Despite Plaintiff previously being informed of the specificity requirements for his allegations, the FAC is replete with general, conclusory statements such as:

> The acts and omissions of Dr. Kokor and Nurse Powell, individually and collectively by refusing and delaying Edward Spencer's medication of ciprofloxacin and prednisolone, in mistreating and punishing the plaintiff, and failing to heed to his pleas for medication and failing to adequately monitor his condition, and in being indifferent to plaintiff's post eye surgery condition were the proximate cause of the plaintiff's pain, suffering and injury; said acts and omissions were undertaken in disregard of clearly established constitutional standards, and laws. (Doc. 10, p. 10.)

> Defendant Kokor's denial and delay to refill medications ciprofloxacin and prednisolone antibiotics for Edward B. Spencer corneal Transplant and Cataract surgery posed a substantial risk of serious harm to Edward B. Spencer. Defendant Kokor knew that the medications are a reasonable and necessary lifetime prescription for Edward Spencer's corneal transplant to protect against temporary and/or permanent blindness. Yet, Dr. Kokor deliberately failed to take reasonable measures to abate that risk. (*Id.*, p. 11.)

> Defendant Kokor, despite, or in spite of, knowledge about the risk to Edward Spencer by not constantly taking his medication, thus exposed plaintiff to the risk of temporary and permanent blindness, and was intentional, or willful

3

> reckless and done with callous malfeasance to the constitutional and civil rights of Edward Spencer. (*Id.*)
>
> Despite Defendant Dr. Kokor and Nurse Powell's knowledge of plaintiff's condition of hypertension and his need of medication, plaintiff did not timely receive his medication of Lisinopril, thus, defendants Dr. Kokor and Nurse Powell, by exposing Edward Spencer to the risk of cardiac arrest, were intentional, or willful, reckless, and acted with callous indifference to the constitutional and civil rights of plaintiff. (*Id.*, p. 12.)
>
> The acts and omissions of Dr. Kokor and Nurse Powell, individually and collectively by refusing and delaying Edward Spencer's medication of Metformin, in mistreating and punishing the plaintiff, and failing to heed to his pleas for medication and failing to adequately monitor his condition, and in being indifferent to plaintiff's condition were the proximate cause of the plaintiff's pain, suffering and injury; said acts and omissions were undertaken in disregard of clearly established constitutional standards, and laws. (*Id.*, p. 13.)

(*See also,* pp. 14-15.) Statements such as these are not considered since they are merely consistent with Defendants' liability and fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Likewise, Plaintiff's allegations, peppered throughout the FAC, that either or both Defendants were "aware" of his various medical conditions, are not accepted since where not supported by factual allegations. Plaintiff was informed in the order that screened his original complaint that statements that he has a medical condition do not factually support a finding that every medical personnel he interacts with is aware of it, or is aware of medications Plaintiff needs, or that have been ordered to treat it. The Court considers only factual allegations.

## II. Plaintiff's Claims

### A. Eighth Amendment -- Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's cornea transplant, hypertension, and diabetes are accepted as serious medical needs.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person

'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). " 'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.' " *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. **Plaintiff's Allegations**

The only defendants named in this action are Dr. Winfred M. Kokor and K. Powell, R.N. Dr. Kokor has been Plaintiff's primary care physician (PCP) from July 2013 through the time Plaintiff filed the FAC. (Doc. 10, p. 7)

#### a. **Medication for Plaintiff's Eyes**

Plaintiff alleges that on April 6, 2016, he had a cornea transplant and cataract surgery performed by ophthalmologist surgeon, Dr. Rasheed. (Doc. 10, p. 7) Afterwards, Dr. Rasheed prescribed ciprofloxacin ("Cipro") and prednisolone so that Plaintiff's body would not reject the cornea transplant. (*Id.*) Plaintiff saw Dr. Kokor on May 16, 2016, and Dr. Kokor informed Plaintiff that he would require those medications for the rest of his life and that failure to take them would result in serious injury including possible blindness, eye hemorrhaging, and severe pain. (*Id*. p. 10.)

On July 1, 2016, Plaintiff submitted a slip requesting a Cipro refill, which was denied by the CSATF pharmacy on July 8, 2016, because it did not have a refill order. (*Id*. p. 8.) On July 12, 2016, Plaintiff was interviewed on the matter by RN Powell who escorted Plaintiff to Dr. Kokor, but Dr. Kokor refused to refill Plaintiff's Cipro and prednisolone. (*Id*. p. 10.) On July 27, 2016, non-defendant FNP Merritt consulted with Dr. Rasheed and Plaintiff's Cipro and prednisolone were reordered. (*Id*. p. 11.)

Plaintiff requested a refill of Cipro on September 12, 2016, but he did not receive it until September 27, 2016. (*Id*. p. 11.) Plaintiff saw Dr. Rasheed on October 25, 2016, who informed him that he would need to regularly take Cipro and prednisolone for the rest of his life. (*Id*. p. 11.)

Plaintiff had appointments with Dr. Kokor on October 27, 2016, November 23, 2016, and February 21, 2017, but Dr. Kokor was "non-responsive" to Plaintiff's complaints that he was not

receiving his medication in a timely fashion. (*Id*. p. 12.) Plaintiff alleges that Dr. Kokor and RN Powell's "actions and/or inactions" caused a blood vessel in his eye to "rupture resulting in excruciating pain and temporary blindness." (*Id*. pp. 12, 15.)

The only allegation Plaintiff makes against RN Powell is that, on July 12, 2016, she interviewed Plaintiff and escorted him to Dr. Kokor. This does not equate to deliberate indifference to the plaintiff's medical condition.

As noted in the first screening order, it appears that Plaintiff feels Dr. Kokor and Nurse Powell interfered with Dr. Rasheed's post-surgical prescriptions -- which *could* be cognizable. *See Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) (concluding that reliance on "non-specialized" medical conclusions may constitute deliberate indifference to a plaintiff's medical needs), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc); *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("[A]llegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference."). However, though previously given this standard and being informed that his allegations were deficient, Plaintiff still merely alleges that one time Dr. Kokor refused to refill his prescriptions. Plaintiff still does not show that his eye surgeon, Dr. Rasheed (who apparently prescribed them for Plaintiff after surgery) initially prescribed them for the rest of Plaintiff's life. In fact, Plaintiff's allegations acknowledge that another nurse had to consult with Dr. Rasheed and his surgical report, before Cipro and prednisolone were reordered.

Plaintiff's allegations do not show that Nurse Powell interfered with Plaintiff obtaining the medications that Dr. Rasheed prescribed. Further, even if the one instance where Dr. Kokor refused to refill Plaintiff's Cipro and prednisolone is accepted to show deliberate indifference, the harm that Plaintiff alleges of a painful rupture of a blood vessel in his eye which caused blurred vision, equates to "an 'isolated exception' to the defendant's 'overall treatment of the prisoner [which] ordinarily militates against a finding of deliberate indifference.'" *Jett,* 439 F.3d at 1096 (quoting *McGuckin,* at 1060). Notably, however, the harm the medications were supposed to avoid was the rejection of the transplant, not blood vessel rupture. Thus, the complaint fails to allege facts to support the conclusion that the defendant's acts or omissions caused the blood

7

vessel to rupture is unsupported by facts demonstrating the causal connection. In addition, there is no indication that Plaintiff suffered any harm as a result of the delay in his obtaining the medication refills. Plaintiff thus fails to state a cognizable claim against Dr. Kokor or RN Powell regarding delayed receipt of Cipro and prednisolone following his eye surgery.

### b. **Medication for Plaintiff's High Blood Pressure**

On August 8, 2016, Plaintiff submitted a refill request for Lisinopril for his hypertension. (Doc. 10, p. 12.) Plaintiff submitted another refill request on August 29, 2016. (*Id.*) On October 11, 2016, Plaintiff submitted another request for his Lisinopril to be refilled. (*Id.*) In response to this request, RN Powell "claimed" that it was refilled on October 13, 2016. (*Id.*) Plaintiff fails to allege any facts showing Dr. Kokor was involved in the delay in Plaintiff's receipt of this prescription. Also, the only alleged involvement of RN Powell is when she responded to Plaintiff's October 11th request by indicating it had been refilled on October 13th.

These allegations do not suffice to show that Dr. Kokor or RN Powell knew that Plaintiff faced a substantial risk of serious harm and failed "to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Further, Plaintiff's allegation that, "as a result of not receiving his Lisinopril and other medications" he was "under extreme stress and had to obtain psychological assistance from the prison's psychological department" (Doc. 10, p. 12) does not suffice to show harm for a claim under the Eighth Amendment. 42 U.S.C. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of *physical* injury or the commission of a sexual act (as defined in section 2246 of Title 18).") (Emphasis added). Plaintiff thus fails to state a cognizable claim against Dr. Kokor or RN Powell regarding delayed receipt of Lisinopril for his high blood pressure.

### (3) **Medication for Plaintiff's Diabetes**

Plaintiff alleges that he submitted a pharmacy slip requesting a refill of his Metformin on August 29, 2016 and September 20, 2016. (Doc. 10, pp. 12, 13.) On September 21, 2016, the CEO "determined a nurse violated policy" which Plaintiff alleges supports his allegations that medication was not being refilled when ordered. (*Id.*, p. 13.) On October 2, 2016, Plaintiff

submitted a pharmacy slip requesting a refill of his Metformin, which was issued to him 36 days later. (*Id.*, p. 13.) Plaintiff filed a second refill request for Metformin on October 21, 2016. (*Id.*) Plaintiff nonsensically alleges that on November 23, 2016, his "A1C sugar count was 6.9 and remained elevated from 8/29/16 thru 10/13/16." (*Id.*) On February 23, 2016, Plaintiff's A1C was allegedly "back to his average of 6.5." (*Id.*) Plaintiff fails to state a cognizable claim regarding his difficulty obtaining refills of Metformin for his diabetes as he fails to specifically link either RN Powell or Dr. Kokor to his allegations thereon.

## II.     CONCLUSION

Plaintiff's First Amended Complaint fails to state any cognizable claims. Given that the First Amended Complaint suffers from the same defects as Plaintiff's original Complaint, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is the Court **RECOMMENDS** that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 13, 2018**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE