# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>            Plaintiff,<br><br>   v.<br><br>KOKOR, et al.,<br><br>            Defendants. | Case No. 1:17-cv-00597-LJO-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION AND PLAINTIFF'S VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41**<br><br>**(Docs. 15, 18)**<br><br>**ORDER DIRECTING CASE CLOSURE BY COURT CLERK** |

       Plaintiff, Edward B. Spencer, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On March 13, 2018, the Magistrate Judge filed a Findings and Recommendations ("the F&R") upon screening, recommending that the action be dismissed based on Plaintiff's failure to state a cognizable claim upon which to proceed under 42 U.S.C. § 1983. (Doc. 8.) This was served on Plaintiff that same day and provided notice that any objections be filed within twenty-one days. (*Id.*) After receiving an extension of time, Plaintiff filed objections. (Doc. 16-18.) In his objections, Plaintiff argues that a magistrate judge does not have jurisdiction to screen this case and requests that the undersigned not accept the F&R, but instead, and to avoid a strike under 28 U.S.C. § 1915(g), Plaintiff requests to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. 18.)

1

First and foremost, initial, non-dispositive screening is well within magistrate judge jurisdiction. 28 U.S.C. § 636. A magistrate judge does not have jurisdiction to dismiss a case or claim during screening unless all named parties have appeared and consented to magistrate judge jurisdiction. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). However, the Magistrate Judge in this action has not issued any such orders in this action; rather, a screening order issued on Plaintiff's original Complaint which identified deficiencies in Plaintiff's allegations and provided amendment opportunity for Plaintiff to correct those deficiencies. (Doc. 8.) When the First Amended Complaint was screened, it became clear that Plaintiff was unable to state any cognizable claims, whereupon the F&R issued and was submitted to the undersigned for dispositive decision. Thus, Plaintiff's objection to the Magistrate Judge's screening of Plaintiff's allegations in this action is OVERRULED.

Plaintiff's request to voluntarily dismiss this action under FRCP 41(a)(1) is GRANTED. The Ninth Circuit has explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v. Shearson-Lehman American Express*, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. *Id*. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. *Id.*; *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. *Concha*, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *Id*. (citing *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. *Id*.

*Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Neither answers to Plaintiff's pleading, nor motions for summary judgment have been filed in this case; nor have any such answers or summary judgment motions been served since Plaintiff has not stated a cognizable claim for his pleading to be served on any of the defendants. Because Plaintiff has exercised his

right to voluntarily dismiss the complaint under Rule 41(a)(1), this case has terminated. *See Wilson*, 111 F.3d at 692. Because neither Plaintiff's notice, nor any stipulation state otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

However, this Court cannot grant Plaintiff's request for his dismissal of this action not to count as a strike against him under 28 U.S.C. § 1915(g). It will be up to courts in the future, if/when Plaintiff files subsequent actions, to decide whether Plaintiff's dismissal of this action qualifies as a strike. *See Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004); *See also Andrews v. King*, 398 F.3d 1113, 1119 n. 8 (9th Cir. 2005) (noting that district courts are not even required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)); *Shabbazz v. Fischer*, No. 9:11-cv-0916 (TJM/ATB), 2012 WL3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08cv1498-JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal).

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's objection to the Magistrate Judge's screening orders in this action is OVERRULED;
2. Plaintiff's request to dismiss this action without prejudice under Rule 41(a)(1)(i), (Doc. 18) is GRANTED; and
3. the Clerk is ordered to close this case.

IT IS SO ORDERED.

Dated: **April 6, 2018**         **/s/ Lawrence J. O'Neill**
                                   UNITED STATES CHIEF DISTRICT JUDGE